IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. COLBY, GLENN MARY
2. CARR, ROBERT K.
3. **FENLON, ANDREW J.**
4. FENTON, PAUL E.
5. **HESS, BRENDAN J.**
6. **NEW, CATHY**
7. **VITALE, ANTHONY D.**
8. STONE, TERRY B.

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

CASE No. 04-1620 C
Judge Francis M. Allegra

## THIRD AMENDED COMPLAINT

1. The plaintiffs are employees or former employees of the defendant United States Government employed in GS-1712 and related occupations by the Bureau of Prisons at Federal Correctional Institutions in the United States. Plaintiffs bring this action on behalf of themselves and other employees similarly situated for a declaratory judgment, backpay and other relief, pursuant to 29 U.S.C. Section 216(b), 28 U.S.C. Section 1346(a)(2) and 28 U.S.C. Sections 1491, 2201 and 2202, and 5 U.S.C. Section 5596 to remedy the defendant's willful and unlawful violations of federal law complained of herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1346(a)(2), 28 U.S.C. Section 1491, and 29 U.S.C. Section 216(b). Venue is proper pursuant to 28 U.S.C. Section 1402.

## PARTIES

3. Plaintiff Glenn Mary Colby, a resident of Lake Placid, New York, is employed as a GS-11 drug treatment specialist for the Bureau of Prisons, United States Department of Justice in Ray Brook, New York, and has been so employed at all times material herein. Plaintiff Terry B. Stone, a resident of Macone, New York is a GS-1712-11 training instruction specialist for the Bureau of Prisons, United States Department of Justice in Ray Brook and has been so employed at all times material herein.

4. Plaintiffs Colby and Stone have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. Section 216(b). Such written consents are appended to this complaint. These written consent forms set forth the plaintiff's name, home address, social security number, employing agency, the grade levels in which each plaintiff has been employed during the past several years and each plaintiff's address.

5. The plaintiffs in this action are "employees" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

6. The defendant Government of the United States is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29

U.S.C. Section 203(x) and Section 203(d). Defendant employs the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

7. Section 7(a) of the FLSA (29 U.S.C. Section 207(a)) provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of 40 hours per week. In addition, section 551.501 of Part 5 of the Code of Federal Regulations, 5 CFR § 551.501, provides that federal agency employers such as the U.S. Department of Justice, Bureau of Prisons shall compensate their employees at a rate of not less than one and one-half times the employees' regular rate of pay for all hours of work in excess of 8 in a day and/or 40 in a work week. At all times material herein, the plaintiffs and other employees similarly situated have been entitled to FLSA overtime pay for all hours of work in excess of 8 in a day and/or 40 in a work week.

8. At all times material herein, the plaintiffs have worked at the GS-11 pay grade and below in the drug treatment specialist, training instruction specialist positions and in related occupations at the Bureau of Prisons. At all times material herein, while working in these positions the plaintiffs have worked hours in excess of forty (40) hours per week and/or eight (8) hours a day.

9. During the time plaintiffs worked in excess of forty (40) hours per week