**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GLENN MARY COLBY, et al.,** | ) | **filed electronically on January 30, 2006** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 04-1620C (Judge Allegra)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**JOINT STIPULATION OF DISMISSAL**

Pursuant to Rule 41(a)(1)(ii) of the United States Court of Federal Claims, plaintiffs and the Government stipulate to the dismissal of plaintiffs' claims, with prejudice, in accordance with the attached settlement agreement.

Respectfully submitted,

s/ Molly A. Elkin
MOLLY A. ELKIN
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
Tel: (202) 833-8855
Fax: (202) 452-1090

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 514-8624

Attorneys for Defendant

January 30, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GLENN MARY COLBY, et al., Plaintiffs, | ) | No. 04-1620C (Judge Allegra) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

SETTLEMENT AGREEMENT

1. The Plaintiffs listed in Attachment A ("Plaintiffs"), are current and former employees of the Federal Bureau of Prisons ("Agency") who brought or joined this action to assert claims seeking, inter alia, overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. Plaintiffs entered into negotiations with the United States designed to amicably resolve this litigation, and offered to settle their claims upon the following terms. Plaintiffs' offer has been accepted by the authorized representative of the Attorney General. Accordingly, for the purpose of settling all claims asserted in the complaint, without any further judicial proceedings and without there being any trial or adjudication of any issue of law or fact, and without constituting an admission on the part of the defendant, and for no other purpose, Plaintiffs and defendant stipulate and agree as follows.

3. Back Pay Amount. Plaintiffs shall be paid a "Back Pay Amount," consisting of a Basic Payment, Travel Payment, and an Additional Payment.

a. Basic Payment. For time a plaintiff was employed by the Agency during the Recovery Period in positions that have been converted to FLSA non-exempt each plaintiff shall be paid a Basic Payment equivalent to the difference between the amount of overtime compensation, if any, the plaintiff received pursuant to the Federal Employees Pay Act ("FEPA"), 5 U.S.C. § 5541, et seq., and the amount of overtime compensation that the plaintiff would have been paid for that work had the plaintiff been classified as FLSA non-exempt. With regard to compensatory time that Plaintiffs used during the recovery period, such back pay shall be computed in the amount of one-half times the plaintiff's regular rate of pay for each hour of compensatory time used during the recovery period. For compensatory time that was cashed out during the recovery period, Plaintiffs shall receive the difference between what they received under Title 5 and what they would have received had the "cash out" been paid under the FLSA.

b. Additional Payment. Plaintiffs shall be paid an additional 75 percent of his or her Basic Payment as liquidated damages.

c. Travel Payment. The defendant shall pay a total lump sum amount of $350.00 inclusive of liquidated damages to compensate all Plaintiffs for Time Spent Traveling pursuant to 5 C.F.R. § 551.422(a).

4. Recovery Period. The Recovery Period for all Plaintiffs shall commence two years prior to the date they filed or joined this action and end on, but not include, the effective date of their conversion to FLSA non-exempt status. Plaintiffs filed or joined this suit on the following dates:

Nathaniel L. Austin - May 16, 2005;
Chris Jameson Brodmerkel - May 16, 2005;
Robert K. Carr - December 20, 2004;
Glenn Mary Colby - November 2, 2004;
Richard E. Derr - May 16, 2005;
Andrew J. Fenlon - April 29, 2005;
Paul E. Fenton - January 12, 2005;
Walter Lee Gunn - May 16, 2005;
Brendan J. Hess - April 29, 2005;
Patrick Michael Kelly - May 16, 2005;
Joseph S. Krupa - May 16, 2005;
Cathy New - April 29, 2005;
Richard Henry Schabener - May 16, 2005;
Terry B. Stone - November 2, 2004;
Andrew D. Vitale - April 29, 2005;
Jacque Reneé Weido - April 29, 2005.

Thus, recovery dates shall commence as follows:

For Plaintiffs Glenn Mary Colby and Terry B. Stone: November 2, 2002;
For Plaintiff Robert K. Carr: December 20, 2002;
For Plaintiff Paul E. Fenton: January 12, 2003;
For Plaintiffs Andrew J. Fenlon, Brendan J. Hess, Cathy New, Andrew D. Vitale, Jacque Reneé Weido: April 29, 2003;
For Plaintiffs Joseph S. Krupa, Richard Henry Schabener, Chris Jameson Brodmerkel, Patrick Michael Kelly, Walter Lee Gunn, Nathaniel L. Austin, Richard E. Derr: May 16, 2003.

5. Calculation and Payment.

a. Within forty-five (45) calendar days of the date that this settlement agreement is executed, the defendant's responsible pay activity will determine the Back Pay Amount owed to each plaintiff pursuant to this settlement agreement, complete the necessary documents to arrange for payment, and transmit such documents to the Financial Management Service of the Department of Treasury, or appropriate Government agency, to arrange for payment.

b. At the same time that defendant transmits the documents arranging for

payment pursuant to paragraph 5.a., it will provide Plaintiffs' counsel with a computation sheet for each plaintiff prepared by the responsible pay activity. The computation sheet will identify, on a pay period by pay period basis, the Basic Payment due each plaintiff pursuant to this agreement.

c. Within forty-five (45) calendar days of the date that defendant transmits the documents arranging for payment to Treasury pursuant to paragraph 5.a., defendant shall transmit the Back Pay Amount to the law firm of Woodley & McGillivary, in accordance with paragraph 8 below.

d. All parties agree to proceed expeditiously to implement the requirements of this paragraph.

6. Supplemental Interest. Supplemental interest will accrue on the Back Pay Amount referred to in paragraph 3 in the event that defendant fails to transmit the Back Pay Amount to Woodley & McGillivary within ninety (90) calendar days of the date that this settlement is executed. Such interest will accrue on Plaintiffs' Back Pay Amount from the ninety-first (91st) day from the date that this settlement is executed, up to and including the date upon which payment of the Back Pay Amount and any such supplemental interest is made to Woodley & McGillivary. Any interest owed in accordance with this paragraph will accrue in accordance with the formula prescribed under the Back Pay Act, 5 U.S.C. § 5596. However, such interest, when combined with the Additional Payment, may not exceed 100 percent of the Basic Payments due to be transmitted. Thus, such interest may not exceed 25 percent of the Basic Payments due to be transmitted.

7. Dispute Resolution Mechanism. In the event a plaintiff disputes the amount owed under this agreement, the parties agree to utilize the following dispute resolution mechanism. Plaintiffs' counsel will notify defendant's counsel, in writing and within sixty (60) calendar days from the date Plaintiffs' counsel receives the payment a plaintiff disputes, if any, specifying the basis for any disputes. Upon notification to the United States that a dispute exists, the parties have ninety (90) calendar days to resolve the dispute. In the event the parties are unable to resolve the dispute to the plaintiff's satisfaction, the dispute will be held in abeyance until the following June 30 or December 30, whichever occurs first, at which time or thereafter the plaintiff may pursue an action to enforce this agreement as set forth in paragraph 18. If a plaintiff is forced to pursue a legal remedy to resolve the dispute, and the dispute is resolved in the plaintiff's favor, the plaintiff will also be entitled to an award of reasonable attorney fees and costs, to the extent authorized under 29 U.S.C. § 216(b).

8. Transmittal of Payments to Woodley & McGillivary. The defendant shall pay the gross amount of all of Plaintiffs' Back Pay Amounts by lump sum payment to the law firm of Woodley & McGillivary at Suite 400, 1125 15th Street, N.W., Washington, D.C. 20005 by electronic funds transfer or by a single check made payable to "Woodley & McGillivary." Upon receipt of the Back Pay Amounts, Woodley & McGillivary will deposit the funds in an escrow trust account and will distribute each plaintiff's share of the funds, based on the computation sheets referenced in paragraph 5 and in accordance with the retainer agreements signed by each plaintiff, to Plaintiffs within thirty (30) calendar days of receipt of the funds.

9. Final Settlement and Stipulation of Dismissal. Within 90 days of the date of the final signature on this settlement agreement, Plaintiffs and the Government will file a joint

stipulation of dismissal of Plaintiffs' claims, with prejudice, pursuant to Rule 41(a)(1)(ii) of the United States Court of Federal Claims. The joint stipulation of dismissal will incorporate the terms of this settlement agreement.

10. Miscellaneous Terms.

a. Plaintiffs' counsel shall be responsible for issuing a Miscellaneous Income Form 1099 to each plaintiff and to the Internal Revenue Service reflecting the amount the award received under this settlement agreement.

b. Defendant will not bear any cost of distributing payments to individual Plaintiffs, which shall be the sole responsibility of the law firm of Woodley & McGillivary.

11. Attorney Fees and Costs.

The United States shall reimburse Plaintiffs' counsel for reasonable attorney fees and costs incurred to resolve this case, which shall be negotiated by the parties.

a. Definition. The phrase "attorney fees and costs" is defined in the manner provided under 29 U.S.C. § 216(b).

b. Submission Date. Plaintiffs' attorney will submit to defendant's attorney a detailed record of the attorney fees and costs allocable to Plaintiffs' claims, within 30 days of the date the final signature is placed on this agreement.

c. Payment Date. With the exception of those amounts disputed by defendant, defendant will pay the negotiated attorney fees and costs, within 60 days of receipt of the submission described in paragraph 8(b).

12. Release. Subject to Plaintiffs' right to enforce the terms of this settlement agreement as set forth in Paragraph 18, and Plaintiffs' rights to use the dispute resolution mechanism in paragraph 7, Plaintiffs release, waive, and abandon all claims against the United

States, its political subdivisions, its officers, agents and employees involved in this case, regardless of whether they were included in the Complaint, including but not limited to any claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

13. Warranty. Plaintiffs warrant and represent that no other action or suit with respect to the claims advanced in this action is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Plaintiffs further warrant and represent that they have made no assignment or transfer of all or any part of their rights arising out of or relating to the claims advanced in this action. Should a plaintiff now or in the future violate these warranties and representations, that plaintiff shall refund any amount paid by the United States pursuant to this settlement agreement, together with interest thereon in accordance with the formula prescribed under 5 U.S.C. § 5596(b)(2)(A), computed from the date the United States makes the payment provided for in this settlement agreement.

14. Taxes. Except for Plaintiffs' counsel's obligation to provide each plaintiff with a Miscellaneous Income Form 1099, this settlement agreement is in no way related to or concerned with income or other taxes for which Plaintiffs are liable, or may become liable in the future as a result of this settlement agreement.

15. Other Proceedings. This settlement agreement is for the purpose of settling this case, and for no other. Accordingly, this settlement agreement shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this settlement agreement.

16. Authority of Counsel. Plaintiffs' attorney of record represents that she is authorized to enter into this settlement agreement on behalf of Plaintiffs.

17. Integration. This document constitutes a complete integration of this settlement agreement between the parties and supersedes any and all prior oral or written representations, understandings or agreements among or between them.

18. Enforcement of Settlement Agreement. Upon execution, this settlement agreement becomes a binding and enforceable contract. Any party to this agreement may seek enforcement for any breach of this contract in an action in any court of competent jurisdiction.

19. Extensions. Any of the deadlines set forth in this settlement agreement may be extended by mutual agreement of Plaintiffs' counsel and defendant.

20. Definitions. For calculation of dates referenced in this settlement agreement, all "days" are calendar days unless expressly noted otherwise. However, in any instance in which the last date for timely performance is a Saturday, Sunday or Federal holiday, the period for accomplishment of that event is extended, without further action, to the next business day.

AGREED TO:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director
Authorized Representative of the Attorney General

MOLLY A. ELKIN
WOODLEY & McGILLIVARY
1125 15th Street, N.W., Suite 400
Washington, D.C. 20005

Attorney for Plaintiffs

JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

Attorneys for Defendant

Dated: September 26, 2005

## ATTACHMENT A

| Name (SSN) | Social Security No. | Position and Location |
|---|---|---|
| Austin, Nathaniel L. | [redacted]-0545 | GS-9 Education Specialist<br>FCI Terminal Island, Terminal Island, CA |
| Brodmerkel, Chris Jameson | [redacted]4061 | GS-11 Case Manager<br>FCI Loretto, Loretto, PA |
| Carr, Robert K. | [redacted]7518 | GS-11 Case Manager<br>FPC Eglin, Eglin AFB, FL |
| Colby, Glenn Mary | [redacted]5268 | GS-11 Drug Abuse Treatment Specialist<br>FCI Ray Brook, Ray Brook, NY |
| Derr, Richard E. | [redacted]5891 | GS-11 Case Manager<br>ADX Florence, Florence, CO |
| Fenlon, Andrew J. | [redacted]5429 | GS-11 Case Manager<br>ADX Florence, Florence, CO |
| Fenton, Paul E. | [redacted]2192 | GS-9 Purchasing Agent<br>FCI Ray Brook, Ray Brook, NY |
| Gunn, Walter Lee | [redacted]5382 | GS-11 Vocational Training Instructor<br>USP Pollock, Pollock, LA |
| Hess, Brendan J. | [redacted]3909 | GS-11 Vocational Training Instructor<br>FCI Otisville, Otisville, NY |
| Kelly, Patrick Michael | [redacted]3616 | GS-9 Employee Development Specialist<br>FMC Devons, Ayer, MA |
| Krupa, Joseph S. | [redacted]2748 | GS-11 Vocational Training Instructor<br>FCI Terminal Island, Terminal Island, CA |
| New, Cathy | [redacted]0305 | GS-11 Case Manager<br>FCI Big Spring, Big Spring, TX |
| Schabener, Richard Henry | [redacted]2469 | GS-11 Vocational Training Instructor<br>FCI Petersburg, Petersburg, VA |

## ATTACHMENT A (cont'd)

| Name (SSN) | Social Security No. | Position and Location |
|---|---|---|
| Stone, Terry B. | [redacted]4294 | GS-11 Vocational Training Instructor<br>FCI Ray Brook, Ray Brook, NY |
| Vitale, Andrew D. | [redacted]3706 | GS-11 Vocational Training Instructor<br>FCI Otisville, Otisville, NY |
| Weido, Jacque Reneé | [redacted]9802 | GS-11 Drug Abuse Treatment Specialist<br>FPC Bryan, Bryan, TX |

CERTIFICATE OF FILING

I hereby certify that on this 30th day of January 2006, a copy of the foregoing "JOINT STIPULATION OF DISMISSAL" and the attached "SETTLEMENT AGREEMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease